The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on January 25, 2013, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: January 25, 2013**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 11-19374 |
| | ) | |
| GERALD R. & JANE E. QUADE, | ) | Chapter 7 |
|     Debtors. | ) | |
| _____ | ) | Judge Arthur I. Harris |
| | ) | |
| MARVIN A. SICHERMAN, TRUSTEE, | ) | |
|     Plaintiff, | ) | Adversary Proceeding |
| | ) | No. 12-1217 |
| v. | ) | |
| | ) | |
| DENNIS A. AMES, | ) | |
|     Defendant. | ) | |

MEMORANDUM OF OPINION[1]

On July 18, 2012, Marvin A. Sicherman, the Chapter 7 trustee, initiated this adversary proceeding alleging that Dennis A. Ames ("the defendant") executed a note promising to pay the sum of $13,812.12, the note was assigned to

---

[1] This opinion is not intended for official publication.

Jane E. Quade, one of the debtors in this bankruptcy case, and now the funds owed are property of the debtors' bankruptcy estate. This matter is currently before the Court on the trustee's unopposed motion for summary judgment. For the following reasons, the trustee's motion is granted.

JURISDICTION

An action to establish liability to the bankruptcy estate on a contract claim is a non-core proceeding but is otherwise related to the bankruptcy case. This Court has jurisdiction over non-core but otherwise related proceedings under 28 U.S.C. §§ 157(c)(2) and 1334, Local General Order No. 84, dated July 16, 1984, and Local General Order No. 2012-7, dated April 4, 2012. Both parties to this proceeding have consented to the entry of final orders by this Court. In addition, a claim for turnover of property under 11 U.S.C. § 542 is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O). This Court has jurisdiction over this proceeding.

FACTUAL AND PROCEDURAL BACKGROUND

On October 2, 2006, the defendant executed a promissory note in favor of Equity Trust Company. The terms of the note provided that the defendant would receive $10,000.00 for the promise to pay the sum of $13,812.12 spread out over 54 monthly payments. On August 16, 2011, Equity Trust Company assigned the

note to Jane E. Quade, one of the debtors in this bankruptcy case.

On November 2, 2011, the debtors filed a Chapter 7 bankruptcy petition. On July 18, 2012, the trustee filed a complaint alleging that the defendant owes the bankruptcy estate the sum of $13,812.12, as evidenced by the promissory note and assignment, and seeking turnover of the funds. On August 7, 2012, the defendant filed an answer denying the allegations in the trustee's complaint. On September 20, 2012, the trustee served the defendant's counsel with requests for admissions by email and regular mail. Among the admissions requested were:

(1) As of the commencement of the bankruptcy case of the Debtors, Gerald R. and Jane E. Quade, Dennis A. Ames (the "Defendant" or "Ames") owed to the Debtor, Jane E. Quade, the sum of $13,812.12 for funds previously loaned to Defendant (the "Funds Due").

. . .

(6) The Funds Due, in the sum of $13,812,12, [as] evidenced by the Note and Assignment, are now property of the bankruptcy estate of the Debtors.

(7) Defendant, Dennis A. Ames, has failed to turn over the above-described Funds Due in the sum of $13,812.12 to the Trustee, Marvin A. Sicherman, despite demand [therefore] by the Trustee.

(Affidavit, Docket #11-1, Pages 4-6.) The defendant never responded. On November 20, 2012, the trustee filed his motion for summary judgment.

3

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 was amended in 2010; however, "[t]he commentary to Rule 56 cautions that the 2010 amendments were not intended to effect a substantive change in the summary-judgment standard." *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012) (citation omitted). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id.* at 570. "A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (citation and internal quotation marks omitted).

## DISCUSSION

Federal Rule of Civil Procedure 36, applicable to this proceeding by Federal

Rule of Bankruptcy Procedure 7036, governs requests for admissions and provides in pertinent part:

> **(a) Scope and Procedure.**
> **(1) Scope.** A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
> **(A)** facts, the application of law to fact, or opinions about either; and
> **(B)** the genuineness of any described documents.
> . . .
> **(3) Time to Respond; Effect of Not Responding.** A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court
> . . .
> **(b) Effect of an Admission; Withdrawing or Amending It.** A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.

Fed. R. Civ. P. 36. "Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

On September 20, 2012, the trustee properly served the defendant with requests for admissions. The defendant's failure to respond within 30 days after being served constituted an admission to all matters properly asserted in the trustee's requests for admissions. *See* Fed. R. Civ. P. 36(a)(3). Because the

defendant never filed a motion to withdraw or amend the admissions, all matters deemed admitted are conclusively established. *See* Fed. R. Civ. P. 36(b).

Among the matters deemed admitted by the defendant are the following: (1) the defendant executed a note promising to pay the sum of $13,812.12 to Equity Trust Company, (2) Equity Trust Company assigned the promissory note to Jane E. Quade, one of the debtors in this case, (3) the promissory note now belongs to the debtors' bankruptcy estate, and (4) the defendant has failed to turnover the sum of $13,812.12 to the trustee. After reviewing the evidence in a light most favorable to the defendant, the Court finds no genuine issue of material fact as to the defendant's liability to the trustee in the sum of $13,812.12. Accordingly, judgment in favor of the trustee is warranted as a matter of law.

## CONCLUSION

For the reasons stated above, the Court grants the trustee's motion for summary judgment, and orders the defendant to turnover funds in the sum of $13,812.12 to the trustee.

IT IS SO ORDERED.